**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Lyda Loraine HARBER,**
**Defendant-Appellant.**

**No. 74-3753.**

United States Court of Appeals,
Fifth Circuit.

Nov. 17, 1975.

Rehearing Denied March 3, 1976.

Edward F. Keezel, II, Orlando, Fla. (court appointed), for defendant-appellant.

John L. Briggs, U. S. Atty., Jacksonville, Fla., Harrison T. Slaughter, Jr., Asst. U. S. Atty., Orlando, Fla., for plaintiff-appellee.

Before BROWN, Chief Judge, and TUTTLE and RONEY, Circuit Judges.

PER CURIAM:

This is an appeal from convictions of causing to be transported in interstate commerce falsely made and forged securities and transporting and causing to be transported in interstate commerce forged common stock certificates in violation of 18 U.S.C. § 2314.

Appellant has urged as reversible error the fact that the trial court required

her to be present during a pre-trial hearing out of the presence of the jury where a prosecution witness was asked to identify the photographic spread previously shown her by the FBI from which she had identified appellant. She was also asked to indicate which of the pictures she had earlier selected as the photograph of the person who had handled certain transactions with her. Because this hearing was not held for the purpose of identifying appellant but rather in order to comply with the dictates of *United States v. Sutherland,* 428 F.2d 1152 (5th Cir. 1970), we hold there was no reversible error in requiring appellant's presence. The Supreme Court in *Simmons v. United States,* 390 U.S. 377, 383, 88 S.Ct. 967, 970, 19 L.Ed.2d 1247 (1968), stated that: "This is a claim which must be evaluated in light of the totality of surrounding circumstances."

We have considered appellant's other points of error and find them to be without merit.

Judgment affirmed.